IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINA JANE SANDOVAL, | § | CV. NO. 5:14-CV-338-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| AMERICAN LASER SKIN CARE, LLC, | § | |
| | § | |
| Defendant. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
<u>RECOMMENDATION</u>

Before the Court is the Report and Recommendation filed by Magistrate Judge Pamela A. Mathy on October 7, 2014. ("R&R," Dkt. # 16.) Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P. 72(b)(2). The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

1

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  In the instant case, because no party has objected to the Magistrate Judge's Report and Recommendation, the Court reviews the findings only to determine if they are clearly erroneous or contrary to law.

On April 16, 2014, the Magistrate Judge granted in part Plaintiff's motion for leave to proceed in forma pauperis, denied Plaintiff's motion for appointment of counsel, and directed Plaintiff to prepare and submit summons forms to effectuate service of Plaintiff's civil complaint.  (Dkt. # 3.)  Plaintiff subsequently prepared summons forms on April 18, 2014.  (Dkt. # 5.)  The United States Postal Service returned the unexecuted summons forms on July 28, 2014, noting that the address was insufficient and that it was unable to forward the mail to a different address.  (Dkt. # 5 at 2.)  On July 30, 3014, the Magistrate Judge entered an order and amended order reminding Plaintiff of the need to ensure timely prosecution of her case and her duty to properly serve Defendant.  (Dkts. ## 7, 8.)  Because Plaintiff did not comply with the terms of the July 30 amended order, failed to timely prosecute her case, and failed to obtain timely and effective service of process on Defendant, the Magistrate Judge issued a Report and Recommendation recommending dismissal of Plaintiff's claims on August 14,

2014.  (Dkt. # 9.)

On the same day, Plaintiff personally appeared in the District Clerk's Office with a summons form listing a new address for Defendant.  (Dkt. # 13.)  Out of fairness to Plaintiff, the Magistrate Judge withdrew the Report and Recommendation and reiterated the requirements of timely and effective service.  (Dkt. # 12.)  On August 28, 2014, the summons form was returned as served to "Cabellero" at Defendant's Broadway address.  (Dkt. # 15.)  Neither Plaintiff nor Defendant have submitted any additional filings.

On October 7, 2014, the Magistrate Judge issued the instant Report and Recommendation, recommending three proper bases for dismissal in this case: first, Plaintiff failed to secure timely service of process on Defendant; second, Plaintiff failed to secure effective service of process on Defendant; and third, Plaintiff failed to timely prosecute her case.  (Dkt. # 16 at 8–13.)

The Magistrate Judge first concluded that the service of process was untimely because Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m)'s presumptive 120-day period for effective service of process.  (Id. at 8.)  Looking to the record, the Magistrate Judge determined that the presumptive period expired on August 16, 2014, 120 days after Plaintiff filed her complaint on April 16, 2014.  (Id.)  Because Plaintiff provided no reasons why the Court should extend the 120-day period, the Magistrate Judge concluded that service of process

was untimely.  (Id. at 8–9.)  The Court agrees.

Second, the Magistrate Judge concluded that service of process was ineffective because Plaintiff's first attempt to serve Defendant was never delivered and there is no evidence that the "Caballero" who signed for Plaintiff's second summons was the registered agent for Defendant, its president, its vice president, or its manager, if defendant is a manager-managed LLC, as required under Texas law.  (Id. at 10–12.)  The Court agrees.

Finally, the Magistrate Judge concluded that Plaintiff failed to timely prosecute her case, noting that if Plaintiff believed that the August 23, 2014 summons constituted effective service, Plaintiff should have moved for entry of default and default judgment based on Defendant's failure to file an answer.  (Id. at 13.)  The Court agrees.

Because each of these reasons are proper bases for the Court to dismiss Plaintiff's case sua sponte, the Court finds that the Report and Recommendation is neither clearly erroneous nor contrary to law.  Fed. R. Civ. P. 4(m) (requiring dismissal sua sponte or by motion when the defendant is not effectively served within 120 days and there is no good cause for the failure); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding that the court can dismiss a case sua sponte under Federal Rule of Civil Procedure 41 for failure to prosecute).  Accordingly, the Court **ADOPTS** the Report and Recommendation

4

(Dkt. # 16).  Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED.**

      **DATED:** San Antonio, Texas, February 2, 2015.

_____
David Alan Ezra
Senior United States Distict Judge